[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-14025

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TYRELL DUKES,
a.k.a. Terrell Dukes,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20140-JEM-1

————————————————

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Tyrell Dukes appeals his conviction and 64-month sentence imposed after he entered an open plea of guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1).  He argues: (1) § 922(g)(1) is unconstitutional because it exceeds Congress's authority under the Commerce Clause; (2) the district court erred in determining that his prior Florida convictions for possession with intent to distribute marijuana and possession with intent to distribute cocaine were "controlled substance offenses" for purposes of the Sentencing Guidelines because Florida's definitions of both marijuana and cocaine are categorically overbroad when compared to the federal definitions for those substances; and (3) for the first time on appeal, that § 922(g)(1) is unconstitutional both facially and as applied under the Second Amendment[1] analysis adopted in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).[2]

The government, in turn, has moved for summary affirmance, arguing that Dukes's claims are foreclosed by our

---

[1] The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.

[2] A criminal defendant's guilty plea does not bar a subsequent constitutional challenge to the statute of conviction.  *See Class v. United States*, 583 U.S. 174, 178 (2018).

binding precedent and that the government's position is clearly right as a matter of law.

In his response opposing the motion for summary affirmance, Dukes "concedes that his Commerce Clause and guideline arguments are currently foreclosed by binding precedent" (and he merely seeks to preserve them for Supreme Court review),[3] but he maintains that his *Bruen* challenge to the constitutionality of § 922(g) is not foreclosed by precedent and urges us to deny the motion for summary affirmance.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where,

---

[3] Dukes is correct that his Commerce Clause and guidelines arguments are foreclosed by binding precedent. *See United States v. McAllister*, 77 F.3d 387, 389–90 (11th Cir. 1996) (rejecting facial and as-applied challenges to § 922(g), and upholding it as a valid exercise of Congress's power under the Commerce Clause); *United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001) (reaffirming holding in *McAllister*); *see also United States v. Dubois*, 94 F.4th 1284, 1296–98 (11th Cir. 2024) (holding that when determining whether a prior state drug conviction qualifies as a controlled substance offense under the guidelines, a comparison between the state definition and the federal definition of a substance is not required, and if the state drug schedules regulated the substance at the time of the prior conviction, it qualifies as a controlled substance offense for purposes of the guidelines). Accordingly, we agree that summary affirmance as to those issues is warranted, and we do not discuss them further. Thus, our opinion focuses on Dukes's *Bruen* challenge.

as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[4]

We generally review the constitutionality of a statute *de novo*. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). However, when, as here, a defendant raises a constitutional challenge for the first time on appeal, we review only for plain error. *Id.* To prevail on plain error review, Dukes must show "(1) an error (2) that is plain and (3) that has affected [his] substantial rights." *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013). If these prongs are met, "then [we] may exercise [our] discretion to correct the error if (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotations omitted). Importantly, "[i]t is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

We grant the government's motion for summary affirmance because the government's position is clearly right as a matter of law. *Groendyke Transp.*, 406 F.2d at 1162. Dukes's facial and as-applied challenges to § 922(g) fail under plain error review because

---

[4] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit Court of Appeals issued prior to the close of business of September 30, 1981, are binding precedent in the Eleventh Circuit).

he has not identified any precedent from the Supreme Court or this Court holding that § 922(g)(1) is unconstitutional. *Lejarde-Rada*, 319 F.3d at 1291. Indeed, in *United States v. Rozier*, we held that felons as a class of persons were not entitled to possess a handgun under the Second Amendment. 598 F.3d 768, 770–71 (11th Cir. 2010). Dukes's contention that he possessed the firearm for protection makes no difference because, as we explained in *Rozier*, "the motive behind [the defendant's] possession"—be it self-defense or otherwise—"[was] irrelevant." *Id.* at 770. Rather, "felons are unqualified as 'a class' because they are not 'law-abiding citizens.'" *United States v. Dubois*, 94 F.4th 1284, 1292 (11th Cir. 2024) (quoting *Rozier*, 598 F.3d at 771). Under our prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Although Dukes maintains that *Bruen* abrogated *Rozier*, we have squarely rejected that argument. *Dubois*, 94 F.4th at 1293 (holding that "*Bruen* did not abrogate *Rozier*"). Thus, *Rozier* is controlling in this case and, under *Rozier*, Dukes's constitutional challenges necessarily fail.

Contrary to Dukes's assertion, the Supreme Court's recent decision in *United States v. Rahimi*, 602 U.S. __, 144 S. Ct. 1889 (2024), does not change our analysis. In *Rahimi*, the Supreme Court considered a Second Amendment challenge to § 922(g)(8)(C)(i), which prohibits an individual who is subject to a domestic violence restraining order from possessing a firearm when the order

includes a finding that he represents a credible threat to the safety of an intimate partner or a child of that partner or individual. *See* 144 S. Ct. at 1898. The Court ultimately upheld this firearm restriction as constitutional. *Id.* at 1901–02. *Rahimi* does not displace our holding in *Dubois* that *Bruen* did not abrogate *Rozier*. *Rahimi* did not involve § 922(g)(1) nor did it "otherwise comment on the precise issue before" us in *Rozier*. *See Dubois*, 94 F.4th at 1293 (alteration adopted) (quotations omitted); *see id.* ("An intervening Supreme Court decision abrogates our precedent only if the intervening decision is both clearly on point and clearly contrary to our earlier decision. If the Supreme Court never discussed our precedent and did not otherwise comment[ ] on the precise issue before the prior panel, our precedent remains binding." (internal citation omitted) (quotations omitted)). Moreover, in *Rahimi*, the Supreme Court once again reiterated, albeit in dicta, that the prohibition "on the possession of firearms by 'felons' . . . [is] 'presumptively lawful,'" which greatly undermines Dukes's position. 144 S. Ct. at 1902 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626, 627, n.26 (2008)). Thus, *Rahimi* does not help Dukes. Accordingly, Dukes has failed to show error, much less, plain error.

The government's motion for summary affirmance is **GRANTED**.